Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000749
31-MAR-2015
09:12 AM

NO. CAAP-14-0000749

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
KAREN KEIKO HIGUCHI, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(Ewa Division)
(CASE NO. 1DCW-14-0000019)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Plaintiff-Appellee State of Hawai'i (State) charged
Defendant-Appellant Karen Keiko Higuchi (Higuchi) with violating
an injunction against harassment, in violation of Hawaii Revised
Statutes (HRS) § 604-10.5(i) (Supp. 2014).[1] After a bench trial,
the District Court of the First Circuit (District Court) found
Higuchi guilty as charged. The District Court sentenced Higuchi

---

[1] HRS 604-10.5 (Supp. 2014) provides in relevant part:

(c) Any person who has been subjected to harassment may
petition the district court of the district in which the
petitioner resides for a temporary restraining order and an
injunction from further harassment.

. . . .

(i) A knowing or intentional violation of a restraining
order or injunction issued pursuant to this section is a
misdemeanor.

to a $300 fine and a $55 crime victim's fee.  The District Court entered its Judgment on March 10, 2014.

On appeal, Higuchi contends that: (1) the District Court plainly erred in failing to ensure that she voluntarily waived her right to a jury trial; and (2) there was insufficient evidence to support her conviction.[2/]  We affirm.

I.

We reject Higuchi's contention that the District Court plainly erred in failing to ensure that her waiver of her jury trial right was voluntary.  "Where it appears from the record that a defendant has voluntarily waived a constitutional right to a jury trial, the defendant carries the burden of demonstrating by a preponderance of the evidence that his/her waiver was involuntary."  State v. Friedman, 93 Hawai'i 63, 69, 996 P.2d 268, 274 (2000).  We conclude that Higuchi failed to carry her burden in this case.

A.

Higuchi represented that she is a retired elementary school teacher and that she has a masters degree in education. With the assistance of counsel from the Office of the Public Defender, Higuchi signed a "Waiver of Jury Trial" form.  The waiver form advised Higuchi of her right to a jury trial and the consequences of her waiver of that right.  In signing the form, Higuchi acknowledged that she had read the waiver form completely, that she fully understood the nature of her right to a jury trial, and that she was waiving her right to a jury trial. The waiver form stated in relevant part:

> I, the undersigned, have read completely this waiver form and understand that by signing it, I am now and forever voluntarily waiving and giving up my right to trial by jury on the present charges.
>
> I further understand that I have the right to be tried by a jury of not less than twelve (12) citizens drawn from

---

[2/] The Honorable Maura M. Okamoto presided over the hearing on Higuchi's waiver of jury trial.  The Honorable Russel S. Nagata presided over Higuchi's trial.

the community and that all of those twelve jurors would have to unanimously agree that the evidence introduced against me at trial proved my guilt beyond a reasonable doubt before I could be convicted of the charges against me. If any one of those twelve should find the evidence not persuasive beyond a reasonable doubt, a conviction could not be entered. Further, I would have the opportunity to help select which members of the community might serve on the jury and to ask questions of prospective jurors.

By giving up my right to trial by jury I understand that the evidence at any trial will be considered and all decisions regarding my guilt or innocence will be made by a single Judge of the District Court.

I am not under the influence of any drugs or alcohol at this time, and my mind is clear.

I fully understand the nature of my right to trial by jury and that the decision to give up the right is entirely up to me. If I do not give up the right to trial by jury at this time, I understand that my case will be sent to the Circuit Court for a jury trial.

I HEREBY WAIVE AND GIVE UP MY RIGHT TO BE TRIED BY A JURY AND AGREE THAT MY CASE MAY BE TRIED BY A SINGLE JUDGE.

Dated: Pearl City, Hawai'i,    2/19/14

(signature of Defendant)
Defendant

The waiver form also contained a certification of counsel for Higuchi that counsel had explained the waiver form to Higuchi and that counsel believed Higuchi's waiver was made voluntarily and intelligently. Counsel's certification stated:

CERTIFICATE OF COUNSEL

I certify that I have explained the foregoing "Waiver of Trial by Jury" form to the Defendant; that I believe Defendant understands the document in its entirety; that the statements contained therein are in conformity with my understanding of Defendant's position; that I believe Defendant's waiver is made voluntarily and with intelligent understanding of the nature of the charge(s) and consequences of said waiver; and that Defendant signed the foregoing in my presence.

(signature of counsel)
Attorney for Defendant

B.

At the hearing on Higuchi's waiver of her right to a jury trial, Higuchi's counsel informed the District Court that the waiver form had been read verbatim to Higuchi and that

3

Higuchi had acknowledged that she understood the content of the form. Higuchi's counsel represented:

> And Deputy Public Defender Ivy Kim appearing on behalf of Miss Karen Higuchi. She's making her way to counsel's table.
>
> And, Your Honor, during the recess, my colleague, Miss Audrey Stanley, and -- she read this form verbatim to Miss Higuchi, and I was also present when that happened. She acknowledged that she understands what's in the form and affixed her signature.

The District Court then questioned Higuchi who acknowledged on the record that she had signed the waiver form and had decided to waive her right to a jury trial.

> THE COURT: Okay, so, Miss Higuchi --
>
> THE DEFENDANT: Yes.
>
> THE COURT: -- you read the form that you signed in court today? Yes?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: Can you speak out loud. The reason is --
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: -- we record this. Okay, thank you.
>
> So you understand that signing this form, you were giving up your right to have a trial with a jury? You understand that?
>
> THE DEFENDANT: Okay.
>
> THE COURT: Yes?
>
> THE DEFENDANT: It was a hard decision, but I guess that's the way I want it.
>
> THE COURT: You -- okay. So then that means now that you now have a right to trial by judge. So we are going to set this matter for trial.

The District Court accepted Higuchi's waiver of her right to a jury trial.

## C.

Hawai'i Rules of Penal Procedure (HRPP) Rule 5(b)(3) (2014) provides that a defendant may waive his or her right to a jury trial in writing or orally in open court. HRPP Rule 5(b)(3) states, in relevant part: "In appropriate cases, the defendant

4

shall be tried by jury in the circuit court unless the defendant waives <u>in writing or orally in open court</u> the right to trial by jury." (Emphasis added.)

Here, Higuchi waived her right to a jury trial in writing. She signed the waiver form, which thoroughly advised Higuchi of her right to a jury trial and the consequences of waiving that right, which she acknowledged reading completely and understanding, and which contained the certification of counsel for Higuchi that counsel had explained the form to Higuchi and believed that Higuchi's waiver was made voluntarily and intelligently.

In addition, the District Court confirmed Higuchi's waiver of her right to a jury trial orally in open court. Higuchi's counsel represented on the record that the waiver form had been read verbatim to Higuchi and that Higuchi had acknowledged understanding the form and had signed it. The District Court then verified through its questioning of Higuchi that Higuchi had read the waiver form and had decided to give up her right to a jury trial. The record reflects that Higuchi had thought about whether she should waive her jury trial right ("[i]t was a hard decision") and that it was her decision to waive her jury trial right in favor of a trial before a judge ("that's the way I want it").

Considering the totality of the circumstances in this case, we conclude that the record shows that Higuchi voluntarily waived her right to a jury trial. See Friedman, 93 Hawaiʻi at 70, 996 P.2d at 275 (reviewing the validity of a defendant's jury trial waiver "under the totality of the circumstances surrounding the case, taking into account the defendant's background, experience, and conduct"). Higuchi does not assert that there was some aspect of the jury trial right or the consequences of waiving it that she did not understand or that she was forced in some way to waive her right to a jury trial. She does not articulate any basis for believing that her waiver was involuntary. Nevertheless, after proceeding with a bench trial

5

and being convicted, she seeks to have her conviction vacated because she contends that the District Court failed to do enough to ensure that her waiver was voluntary. We conclude that Higuchi's waiver was valid and that she has failed to satisfy her burden of showing that her waiver was involuntary.

## II.

Higuchi contends that there was insufficient evidence to show that she violated the injunction against harassment by contacting Kenneth Lee (Lee), one of the petitioners who had obtained the injunction against her.[3] We conclude that Higuchi's claim is without merit.

Higuchi and Lee were next-door neighbors. Lee had obtained an injunction against harassment, which prohibited Higuchi from "[c]ontacting, threatening or harassing" Lee for three years beginning on October 14, 2013.

The charged incident occurred on December 25, 2013. Lee testified that on that date at about 6:25 p.m., he was on the balcony of his home and noticed Higuchi on the balcony of her home. The two balconies were about thirty feet apart. While Lee and Higuchi were on their respective balconies, Higuchi complained about Lee's family making too much noise. During Higuchi's complaints, she said, "Did you hear that, Mr. Lee?" Lee testified that he believed that Higuchi was speaking to him because she faced him while saying, "Did you hear that, Mr. Lee?"

We conclude that when viewed in the light most favorable to the State, there was sufficient evidence to show that Higuchi had contacted Lee in violation of the injunction against harassment. We therefore reject Higuchi's claim that there was insufficient evidence to support her conviction.

---

[3] The petitioners protected by the injunction against harassment were Kenneth Lee and Elaine Lee.

III.

We affirm the District Court's Judgment.

DATED: Honolulu, Hawaiʻi, March 31, 2015.

On the briefs:

Voltaire A. Gansit
Deputy Public Defender
for Defendant-Appellant

James M. Anderson
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

*Craig H. Nakamura*
Chief Judge

*Daniel R. Foley*
Associate Judge

*Lawrence M. Reifurth*
Associate Judge

7